# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **GREGORY B. JACKSON** | **CIVIL ACTION NO. 06-1425** |
| **VS.** | **SECTION P** |
| **WARDEN, WEST MONROE** | **JUDGE JAMES** |
| **CITY JAIL** | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

## AND

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Gregory B. Jackson on or about August 21, 2006. Jackson is an inmate in the West Monroe City Jail, West Monroe, Louisiana; he is serving a sentence imposed on May 24, 2006 following his convictions for battery, assault, and resisting arrest in the West Monroe City Court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED** because petitioner has not exhausted available state court remedies.

### *Statement of the Case*

On or about August 21, 2006, petitioner filed a pleading in this court using the form provided to Louisiana prisoners for use in filing applications for post-conviction relief pursuant to La. C.Cr.P. arts. 928 et seq. Petitioner alleged that he had been convicted of simple battery,

aggravated battery, aggravated assault and resisting an officer on May 24, 2006, following a trial in the West Monroe City Court. He was sentenced to serve 135 days and an additional "...45 days default..." According to the pleading, petitioner had been represented by court-appointed counsel at his trial. Petitioner's appeal to some unspecified court was rejected as untimely. In this pleading petitioner claimed that his conviction was obtained in violation of the Constitutions of the United States and the State of Louisiana because petitioner's witness was released prior to trial by the prosecutor. Petitioner also requested appointment of counsel. [doc. 1-1]

Because the pleadings were not in proper form, petitioner was directed to amend. [doc. 2]

On September 1, 2006, petitioner submitted a hand-written pleading directed to United States District Judge Robert G. James and the Clerk of Court. Petitioner's pleading apparently complained of conditions of confinement. [doc. 3][1] Petitioner submitted a second hand-written pleading on September 1, 2006, which stated in part, "I Gregory Jackson ... pray the District Court, Western District of Louisiana under the provisions of art. 511 right to counsel, also of art. 230 rights of person arrested. I pray also a right to a speedy trial..." [doc. 4]

On September 11, 2006, petitioner amended his petition and submitted his *habeas* claims on the form provided to prisoners in the Western District. Therein petitioner reiterated his claim that he was convicted of aggravated battery, simple battery, resisting an officer and aggravated assault on May 24, 2006, in the West Monroe City Court, and that he was sentenced to serve 180 days in custody. Petitioner alleged that (1) his arrest was not supported by probable cause, and,

---

[1] The pleading is difficult to decipher. Among other things petitioner stated, "Probable cause of facts of Administrative Remedies under the provisions of R.S.15:1177 personal injuries, prison conditions, contaminating sewer gases, medical malpractice, refused medical treatment." The pleading concluded, "Judge James or Clerk, I need someone help here they have put me in isolation for the remained of my sentence over a mistaken razor never used. They have done to me everything to stop me from communicating in order to prove my case." [doc. 3]

(2) his witness was not present to testify at trial because the prosecutor released her. Petitioner alleged that he appealed his conviction to the "West Monroe City Court" but on June 7, 2006, his appeal was rejected as untimely. He also claimed that he filed a "Motion to Recall Sentence" which alleged excessiveness of sentence in the West Monroe City Court on August 17, 2006. He claimed that he received no response to this motion. [doc. 5]

*Law and Analysis*

*1. Civil Rights Claims*

Petitioner has combined civil rights claims and *habeas corpus* claims in the various pleadings submitted to the court. Title 42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

On the other hand, "[a] *habeas* petition ... is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). (See also *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (holding that *habeas corpus* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement); see also *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of *habeas corpus*").

Petitioner has attempted to combine *habeas corpus* and civil rights claims in the *pro se*

3

pleadings submitted to the court. "[I]n instances in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims that properly may be pursued as an initial matter under §1983, and the claims can be separated, federal courts should do so, entertaining the §1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987).

To the extent that petitioner complains of conditions of confinement [see doc. 3] at the West Monroe City Jail, he is advised that such claims may not be joined to his *habeas corpus* claims and should be raised in a civil rights complaint. If petitioner desires to litigate his claims concerning conditions of confinement, lack of medical care, denial of access to the courts, or any others, he must utilize the appropriate complaint form and either pay the costs of court or submit an application to proceed *in forma pauperis*.[2] The undersigned will not presume that petitioner seeks to litigate these claims and in the absence of an affirmative statement to that effect; therefore, the civil rights component of petitioner's pleadings [doc. 3] should be stricken.

## 2. Requests for Appointment of Counsel

Petitioner has requested the appointment of counsel in this proceeding. [see doc. 1-1; doc. 4] *Habeas corpus* is civil in nature. There is no constitutional right to appointment of counsel in a federal *habeas corpus* matter. *McClesky v. Zant*, 111 S.Ct. 1454, 1471 (1991); *Pennsylvania v. Finley*, 107 S.Ct. 1990, 1993 (1985); *Santana v.Chandler*, 961 F.2d 514, 516 (5th Cir.1992). Appointment of counsel in a *habeas corpus* proceeding may be appropriate when the interests of justice so require. See 18 U.S.C. § 3006A; 28 U.S.C. § 1915(e)(1).

---

[2] Petitioner may request these documents from the authorities at his place of incarceration, or, he may request copies of the §1983 complaint and *in forma pauperis* application from the Clerk of the Court and thereafter submit his claims in the appropriate manner in this court should he so choose.

In order to determine whether the interests of justice require the appointment of counsel in a *habeas corpus* proceeding, the court must analyze the request using principles of fundamental fairness and due process. See *Norris v. Wainwright*, 588 F.2d. 130 (5th Cir.1979); *Bonin v. Vasquez*, 999 F.2d. 425 (9th Cir.1993). In most cases, appointed counsel is not required unless there is a need for an evidentiary hearing. *United States v. Vasquez*, 7 F.3d. 81 (5th Cir.1993) (once it is determined that an evidentiary hearing is needed in a *habeas corpus* action, the appointment of counsel is mandatory). If the matter can be resolved on the basis of the record and the pleadings submitted by the parties, the interests of justice do not require the appointment of counsel. *Boyd v. Groose*, 4 F.3d. 669 (8th Cir.1993); *Smith v. Groose*, 998 F.2d. 1439, 1442 (8th Cir.1993); *McCann v. Armontrout*, 973 F.2d. 655 (8th Cir.1992); *Reese v. Fulcomer*, 946 F.2d. 247 (3d Cir.1991).

As is shown hereinafter, the undersigned has concluded that this matter may be resolved on the basis of the record and pleadings submitted by the petitioner. Therefore, petitioner's request for appointment of counsel will be denied.

### 3. Habeas Corpus and Exhaustion of State Court Remedies

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

\*   \*   \*

> (c) An applicant shall not be deemed to have exhausted the
> remedies available in the courts of the State, within the meaning of
> this section, if he has the right under the law of the State to raise,
> by any available procedure, the question presented.
> 28 U.S.C. § 2254.

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460

U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).

In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner has not presented <u>any</u> of his federal *habeas* claims to the Supreme Court of Louisiana. Therefore, it is clear that the Louisiana courts have not yet had an opportunity to review and determine the merits of petitioner's *habeas corpus* claims. (A review of the presumptively reliable published jurisprudence of the State of Louisiana confirms that petitioner has not yet litigated his federal *habeas corpus* claims in the Louisiana Supreme Court.)

Absent a showing that state remedies are either unavailable or inadequate (such showing not having been demonstrated by plaintiff[3]), he cannot now proceed in this court in *habeas corpus*. See 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted.

Petitioner is hereby advised that the federal *habeas corpus* statutes impose a one-year statute of limitations for filing *habeas corpus* petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to any subsequent petition that petitioner files in this court. Petitioner is further advised that the filing of a federal *habeas corpus* petition, such as the one filed in this case, does not toll the statute of limitations for federal *habeas* relief. *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

---

[3] Petitioner was convicted of misdemeanor offenses in a city court. Under certain circumstances, petitioners may appeal such convictions to the District Court. La.R.S. 13:1896(B). Otherwise, while Louisiana law provides no right to appeal such convictions to the courts of appeal, petitioners have the right to seek discretionary review in the Court of Appeals and thereafter the Louisiana Supreme Court under the supervisory jurisdiction of those courts. See also La. C.Cr.P. art. 912.1. Compare, City of Monroe v. Goldston, 661 So.2d 428 (La.1995).

To the extent that petitioner may now be time-barred from seeking such review, he still retains the right to seek post-conviction relief and thereafter appellate review. See La. C.Cr.P. art. 928 *et seq.*

Moreover, since the present petition raises only unexhausted claims, the court need not address the stay and abeyance of mixed *habeas* petitions recently addressed by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (holding that district courts have the discretion to stay rather than dismiss, a mixed *habeas* petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

Therefore,

The pleading purporting to raise civil rights complaints [doc. 3] is hereby **STRICKEN**;

The Motions to Appoint Counsel [doc. 1-1, doc. 4] are **DENIED**; and,

Finally, for the reasons stated above,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's *habeas corpus* claims remain unexhausted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

      **THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 23rd day of October, 2006.

                                              KAREN L. HAYES
                                              U. S. MAGISTRATE JUDGE